IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-32-BO
No. 7:16-CV-136-BO

| | | |
|---|---|---|
| DURAN JEFFREY WARD, | ) | |
|               Petitioner, | ) | |
| | ) | O R D E R |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|               Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 31]. The government has responded to the motion, conceding that the relief which petitioner seeks is warranted.

## BACKGROUND

Petitioner was sentenced, with a motion by the government under United States Sentencing Guideline §5K1.1, to a term of 120 months' imprisonment after pleading guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924.

## DISCUSSION

Petitioner contends that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. *Id.* at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively on collateral review.

The government, having waived its procedural defenses, agrees that application of *Johnson* and *United States v. Gardner*, 823 F. 3d 793 (4th Cir. 2016) (holding that a North

Carolina conviction for common law robbery is no longer a violent felony) to petitioner's criminal history results in insufficient qualifying predicate convictions necessary to be sentenced as an armed career criminal under 18 U.S.C. § 924(e). The Court agrees, and holds that resentencing of petitioner without application of the Armed Career Criminal Act is warranted.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 31] is GRANTED, petitioner's sentence is hereby VACATED, and this matter shall be set for resentencing by separate notice.

SO ORDERED, this **30** day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE